(83 South. 377)

No. 22205.

McDONALD v. AMERICAN NAT. BANK
et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. MORTGAGES ☞178—ACTS OF SUBSEQUENT INCUMBRANCERS NOT AFFECTING PRIORITY.

The rank of a duly recorded vendor's lien and first mortgage cannot be changed by any act of subsequent creditors or incumbrancers.

2. MORTGAGES ☞410—STANDING OF PRIOR MORTGAGE CREDITOR TO PREVENT SALE UNDER JUNIOR MORTGAGE.

A prior mortgage creditor has no standing to prevent a sale of the property mortgaged under a junior mortgage.

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Action by Joel W. McDonald against the American National Bank and others. Judgment for defendants, and plaintiff appeals. Affirmed.

L. K. Watkins, of Minden, for appellant.
E. W. & P. N. Browne, of Shreveport, for appellees.

PROVOSTY, J. Plaintiff alleges that he has a duly recorded vendor's lien and first mortgage upon certain property described in the petition, and that the defendants are seeking to create another mortgage upon the same property by means of a suit upon a fictitious claim, and he prays that the said mortgage thus sought to be created be annulled, and the registry thereof cancelled, and, in the alternative, that the judgment in said suit be annulled in so far as it may affect his said vendor's lien and mortgage rights, and, at any rate, that execution be allowed on said judgment only as against the property of the judgment debtor not subject to petitioner's said vendor's lien and mortgage, and in any event that the said vendor's lien and mortgage of petitioner be decreed to be paid by preference out of the proceeds of any sale that may be made of the mortgaged property.

[1, 2] An exception of no cause of action was properly sustained below, for the reasons, first, that nothing that the defendants can possibly do can change the rank of plaintiff's vendor's lien and mortgage, or loosen its hold upon the property, and that a prior mortgage creditor has no standing for preventing a sale under a junior mortgage.

Judgment affirmed.